918 F.2d 959
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Albert J. SULLIVAN, Plaintiff-Appellant,
v.
Mary FLANNIGAN, Superintendent and Sam Parwatikar,
Psychiatrist, Defendants-Appellees.
 No. 89-3024.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 25, 1990.
Decided Nov. 19, 1990.
 
 Before CUDAHY, FLAUM, Circuit Judges and PELL, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff Albert J. Sullivan is an inmate at the Menard Psychiatric Center (Menard). In April, 1988, psychiatrists at Menard began administering antipsychotic drugs to Sullivan against his will based upon their diagnosis of his mental illness and his history of aggressive behavior when not on medication. In June 1988, Sullivan filed suit in the district court alleging that he was being unconstitutionally compelled to take antipsychotic drugs in violation of 42 U.S.C. Sec. 1983 and the due process clause of the fourteenth amendment. Sullivan requested money damages and injunctive relief barring Menard from continuing to compel him to take medication until his treatment protocol was reviewed and approved by an independent psychiatrist.
 
 
 2
 The district court denied Sullivan's request for a temporary restraining order but remanded Sullivan's case to the Magistrate for further fact finding regarding the constitutional adequacy of Menard's treatment review procedures. Sullivan now appeals the district court's denial of his motion for a temporary restraining order.
 
 
 3
 Briefing in this case was held in abeyance pending the Supreme Court's disposition of Washington v. Harper, 110 S.Ct. 1028 (1990). In Harper, the Court recently ruled that prison inmates "possess a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." 110 S.Ct. at 1036. Thus, the Court found that involuntary medication decisions must generally be accompanied by some type of hearing by a "neutral and detached trier of fact," id. at 1042, that provides a prisoner with an "opportunity to be heard ... 'at a meaningful time and in a meaningful manner.' " Id. at 1044 (quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965)).[1]
 
 
 4
 In response to Harper, the Illinois Department of Corrections (DOC) promulgated an Emergency Regulation and subsequent Notice of Proposed Amendments that instituted review procedures for the involuntary administration of psychotropic medication in Illinois correctional facilities. Nevertheless, the State maintained in its briefs in this appeal that Sullivan was not entitled to the new review procedures as his situation came within an "emergency" exception to the regulations which allows prison officials to bypass review when exigent circumstances exist.
 
 
 5
 At oral argument, this court was informed by Sullivan's appointed counsel that officials at Menard had agreed to review Sullivan's treatment protocol pursuant to the Department of Corrections' new regulations. Sullivan's counsel asserted that because Menard had agreed to engage in such a review, this appeal regarding Sullivan's request for a temporary restraining order pending independent psychiatric review of his treatment protocol is now moot. We agree.
 
 
 6
 Sullivan moved the district court to enjoin Menard from medicating him "unless he has been afforded the minimal procedures required by the Constitution." Plaintiff's Brief at 16. Now that Sullivan has been afforded "process," the question remains whether the DOC's procedures are constitutionally adequate. This is a question in the first instance for the district court, as that court has not yet had an opportunity to hold hearings on the adequacy of the DOC's new regulations.
 
 
 7
 We therefore dismiss this appeal and remand to the district court for hearings on the constitutional adequacy of the State's involuntary medication review procedures.
 
 
 
 [1]
 This description of Harper's holding is merely a summary for the purposes of this order and is not intended to be a full and complete characterization of the procedural due process requirements that Harper imposes upon prisons